UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE BOLIN & COMPANY, LLC <br><br> ROLAND CHORCHES, Trustee of the <br> Estate of Bolin & Company, LLC, <br>         Plaintiff, <br><br>     v. <br><br> SALLY OGDEN, <br>         Defendant. | CIVIL ACTION NO. <br> 3:08cv1793 (SRU) |

**RULING ON DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT**

On September 27, 2010, this Court entered judgment, following a bench trial, against defendant Sally Ogden ("Ogden") and in favor of plaintiff Ronald Chorches, trustee of the estate of Bolin & Company, LLC ("Bolin"), in the amount of $226,000, having found Ogden liable for tortious interference with Bolin's business relations.  (doc. # 59).  Thereafter, on September 21, 2011, Ogden filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (the "motion for relief") predicated on newly-discovered evidence that Bolin's former bankruptcy trustee, Michael Daly, had been charged with embezzlement of debtor-funds and may be in possession of some of Bolin's inventory.  For the reasons that follow, Ogden's motion for relief (doc. # 70) is DENIED.  This ruling does not preclude Ogden from asserting a defense of set-off in any action to correct the judgment.

I.   **Background**

On May 1, 2007, Daly, the former bankruptcy trustee for Bolin, filed an adversary proceeding against Ogden in the United States Bankruptcy Court for the District of Connecticut alleging various torts and objecting to Ogden's proof of claim in Bolin's bankruptcy case.  On

November 24, 2008, the case was transferred to this Court. (doc. # 7). Daly later resigned as trustee on July 27, 2009, and plaintiff Ronald Chorches ("the Trustee") was appointed in his stead on July 28, 2009.

Following a bench trial, I found Ogden liable for tortious interference with Bolin's business relations and concluded that her conduct prevented Bolin from conducting an orderly liquidation of its inventory. *See In re Bolin & Co., LLC*, 437 B.R. 731, 757-58 (D. Conn. 2010). Relying in part on Daly's testimony at trial, I calculated damages at $226,000, an amount equal to Bolin's net asset value just prior to Ogden's tortious conduct, less the amount the Trustee had previously raised or expected to raise by liquidating Bolin's assets. *Id.* at 762-66. Specifically, I credited Daly's testimony in finding that:

> Daly never considered selling the business as a whole instead of the individual jewelry that Bolin owned. It was his opinion that Bolin did not own enough jewelry to be a credible jewelry retailer in Greenwich, and lacked much goodwill after the store's messy demise. Daly characterized the process of liquidating Bolin as "total chaos." The property that could be sold was disorganized and Bolin's records were convoluted and incomplete. Furthermore, the value of the jewelry had sunk considerably because of the delay between the bankruptcy and the eventual liquidation. Jewelry buyers, in Daly's view, understood that the bankruptcy estate was in duress and, therefore, Bolin would be forced to accept lower offers for its inventory.

*Id.* at 749.  Daly's testimony also helped establish that (1) the estate was able to liquidate a portion of Bolin's inventory for approximately $88,0000; (2) the estate received $66,000 after paying wholesalers' commissions; (3) the wholesalers held another $50,000 worth of jewelry to be sold; and (4) a retailer agreed to buy or sell on consignment the remaining items for approximately $24,000.  *Id.*  Based on Daly's testimony and other evidence in the record, I found that the Trustee had already made or was likely to make a total sum of $140,000—an amount I

rounded up in Ogden's favor. *Id.* at 762. Accordingly, I reduced Bolin's value by $140,000 to arrive at the total damages figure of $226,000. *Id.* at 765.

Approximately ten months later, on July 12, 2011, Daly pleaded guilty to federal charges of embezzlement of debtor-funds related to his work as trustee for the bankruptcy estate of Lehman Brothers, Inc. *See United States v. Daly*, No. 3:11-cr-121 (AWT). During the course of the government's investigation, the FBI executed a search warrant of Daly's office and found that Daly was in possession of some of Bolin's jewelry. *See* Aff. of Christopher Cieplik, attached as Ex. C. to Def.'s Mot. For Relief from J. (doc. # 71-3). As of September 17, 2010, the jewelry had an appraised value of approximately $22,100. *See id.* In Daly's plea agreement, the government indicated that it intended to introduce evidence of Daly's alleged conversion of Bolin's jewelry at the sentencing hearing for consideration as "relevant conduct" under the Sentencing Guidelines. Daly, however, denied that he committed any criminal wrongdoing while trustee to any bankruptcy estate other than Lehman.

Daly was eventually sentenced to eighteen months' imprisonment, assessed a $15,000 fine, and ordered to pay restitution in the amount of $11,100. *See* Tr. of Sentencing Proceedings, at 87-91, attached as Ex. 3 to Def.'s Reply Mem. (doc. # 112-3). In determining Daly's sentence, Chief Judge Alvin W. Thompson indicated that he "also considered the defendant's conduct with respect to the Bolin estate" and concluded that the "only logical inference to me, from all the evidence, is that [Daly] stole the property." *Id.* at 87.

On September 21, 2011, Ogden filed the instant motion for relief, arguing that the judgment should be reopened because of Daly's criminal conduct and newly-discovered evidence that Daly may be in possession of thousands of dollars worth of Bolin's inventory. (doc. # 70).

**II.     Discussion**

Federal Rule of Civil Procedure 60(b) sets forth grounds for relief from a final judgment or order, which are "addressed to the sound discretion of the district court." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (citation omitted).  In pertinent part, Rule 60(b) permits courts to grant such relief for the following reasons:

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . [or]
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(2)-(3), (6).  "Properly applied Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).  However, "[a] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001); *accord Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004).  "Generally, courts require that the evidence in support of [a Rule 60(b) motion] be highly convincing, that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (internal quotation marks and citations omitted).  "The burden of proof is on the party seeking relief from judgment." *Int'l Bhd. of Teamsters*, 247 F.3d at 391.

Here, Ogden moves for relief pursuant to Rule 60(b)(2) and 60(b)(3).  I divide my analysis accordingly.

      A.      <u>Newly-Discovered Evidence Under Rule 60(b)(2)</u>

Rule 60(b)(2) permits relief from a judgment when a party comes forward with newly-discovered evidence that, with reasonable diligence, could not have been discovered earlier. To meet this "onerous" standard, the movant must establish that: (1) the newly-discovered evidence was of facts in existence at the time of trial; (2) the movant was justifiably ignorant of the newly-discovered evidence despite due diligence; (3) the evidence was both admissible and material, meaning that it was of such importance that it probably would have changed the outcome of the proceeding; and (4) the evidence was not merely cumulative or impeaching. *Int'l Bhd. of Teamsters*, 247 F.3d at 392; *Lorusso v. Borer*, 260 Fed. App'x 355, 357 (2d Cir. 2008).

Here, Ogden's motion likely satisfies the first and second elements: (1) the facts surrounding Daly's mishandling of Lehman's bankruptcy, and his possession of Bolin's jewelry, existed at the time of trial; and (2) Ogden was justifiably ignorant of those facts. However, Ogden's motion falls short on the remaining elements.

First, Ogden fails to show that evidence of Daly's embezzlement in an unrelated case, or evidence that Bolin's jewelry was found in Daly's office, would *materially* affect the outcome of the trial. Even taking into account Daly's misconduct at Lehman, and assuming Ogden's accusations are true—i.e., that Daly *stole* $22,100 worth of Bolin's jewelry (because once a crooked trustee, always a crooked trustee)—I see no reason to discredit the crucial aspects of Daly's otherwise uncontradicted testimony: namely, that Ogden's conduct harmed Bolin and precluded an orderly liquidation. After all, even a crook can testify credibly to Bolin's diminished reputation in the community, the "chaos" that surrounded the process of locating buyers and consignors for Bolin's inventory, and the distressed circumstances that forced Bolin to sell its

assets at fire-sale prices. *See In re Bolin & Co., LLC* , 437 B.R. at 749. The veracity of that testimony depends not on Daly's reputation or whether he can be trusted with other people's money, but on his first-hand knowledge of the circumstances surrounding Bolin's demise. Thus, none of Ogden's newly-discovered evidence would materially affect my conclusion that, based on the totality of the evidence presented at trial, Ogden is liable to Bolin for tortious interference. *See Boule v. Hutton*, 328 F.3d 84, 95 (2d Cir. 2003) (where newly-discovered evidence is not material to the outcome of the proceeding, such evidence cannot warrant relief under Rule 60(b)(2)).

Second, Ogden fails to show that evidence of Daly's wrongdoing serves a purpose other than merely to impeach Daly's credibility. At most, evidence of Daly's possible misappropriation of $22,100 worth of Bolin's jewelry demonstrates that Ogden may be entitled to a set-off in the total amount of damages assessed against her. Ogden, however, has offered no evidence on the extent of Bolin's actual ownership interest in the jewelry or whether other parties may claim a security or other interest in those same assets. Indeed, the evidence at trial demonstrated that much of Bolin's inventory was held on consignment. But even if she had, such questions are more properly addressed at a later stage—after the appellate process is complete and Bolin has sought to collect on its judgment. Because nothing prevents Ogden from raising the issue of Daly's misappropriation of Bolin's inventory—and her possible entitlement to a set-off—in a collateral proceeding for correction of the judgment, there is no reason to vacate the judgment. Accordingly, Ogden cannot meet her heavy burden to demonstrate that the proffered evidence warrants relief under Rule 60(b)(2).

B.     Fraud, Misrepresentation or Misconduct Under Rule 60(b)(3)

Rule 60(b)(3) permits relief from a final judgment on the basis of "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). However, such relief "cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits" of the underlying decision. *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989); *see also Liu v. Kinokuniya Co., Ltd.*, 161 Fed. App'x 119, 119 (2d Cir. 2005) ("A party seeking vacatur under Rule 60(b)(3) must establish the opposing party's fraud by clear and convincing evidence."). To prevail on a Rule 60(b)(3) motion, the movant "must show that the conduct complained of prevented [her] from fully and fairly presenting [her] case." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotation marks and citation omitted).

Here, to the extent Ogden alleges that misrepresentations and/or misconduct occurred during Daly's testimony at trial, Ogden's claim fails at the threshold. The plain text of Rule 60(b)(3) requires that the fraud, misrepresentation or misconduct be committed by an *opposing party*. *See* Fed. R. Civ. P. 60(b)(3). At the time of his testimony at trial, however, Daly was no longer Bolin's trustee and, therefore, not an "opposing party" as contemplated by Rule 60(b)(3). *See Lee v. Marvel Enterprises, Inc.*, 765 F. Supp. 2d 440, 450 (S.D.N.Y. 2011) (denying Rule 60(b)(3) motion because movant "was not a party to this action, and Rule 60(b)(3) deals with 'fraud, . . . misrepresentation, or misconduct by an opposing party'") (quoting Fed. R. Civ. P. 60(b)(3)); *Perri v. Kelly*, 2011 WL 5024299, at *1-2 (E.D.N.Y. Oct. 19, 2011) ("[P]laintiff is not entitled to relief under this section because he has not alleged that an *opposing party* has committed fraud or misconduct in connection with the judicial proceedings before this Court.")

(emphasis added).   Because Daly was merely a *witness* at trial, any alleged fraud or misconduct during his testimony does not warrant relief from the judgment under Rule 60(b)(3).[1]  *See Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001) (noting that fraud committed by a witness is not fraud by an "opposing party" for purposes of Rule 60(b)(3)); *Thornton v. United States*, 2009 WL 2871167, at * 3 n.2 (N.D.N.Y. Sept. 3, 2009) (same).[2]

     Moreover, to the extent Ogden alleges that the misrepresentation or misconduct warranting relief under Rule 60(b)(3) was Daly's misappropriation of Bolin's jewelry prior to his resignation

---

[1] Even if Daly's testimony at trial could be attributed to an "opposing party," Ogden has not identified, by clear and convincing evidence, any material aspect of Daly's testimony that was knowingly false when made.  *See United States v. Mason*, 2012 WL 1638124, at *1 (2d Cir. May 10, 2012) (stating that Rule 60(b)(3) relief "'cannot be granted absent clear and convincing evidence of material misrepresentations'") (quoting *Fleming*, 865 F.2d at 484).  Instead, Ogden makes generalized accusations about Daly's credibility, and asks the Court to *infer* that Daly lied on the stand based on his embezzlement conviction in the (unrelated) Lehman Brothers case.  However, Ogden fails to point to any specific material misrepresentation made by Daly, as required under Rule 60(b)(3), or to explain how such information prevented her from fully and fairly presenting her case.  *See Farb v. Baldwin Union Free School Dist.*, 2011 WL 6046491, at *2 (E.D.N.Y. Dec. 5, 2011) (denying Rule 60(b)(3) relief where movant "allege[d] that plaintiffs ha[d] committed fraud but offer[ed] nothing more than generalized conclusions to support his claim").  Accordingly, Ogden cannot meet her burden under Rule 60(b)(3).

[2] Ogden does not seek relief for "fraud on the court" pursuant to Federal Rule of Civil Procedure 60(d)(3), a provision that clearly encompasses fraud by non-parties.  *See* Fed. R. Civ. P. 60(d)(3).  But even if she did, her motion would be denied.  The standard to prove "fraud on the court" is extremely high, and relief under Rule 60(d) is "narrower in scope than that which is sufficient for relief by timely motion [under 60(b)(3)]." *Gleason v. Jandrucko*, 860 F.2d 556, 558 (2d Cir. 1988).  "'[F]raud upon the court' as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication." *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002) (internal quotation omitted).  Thus, Rule 60(d)(3) embraces "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Id.* (internal quotation omitted).  "Examples of conduct that meet the definition of fraud upon the court include bribery of a judge, jury tampering, or hiring an attorney for the sole purpose of improperly influencing the judge." *Stewart v. O'Neill*, 2002 WL 1917888, at *2 (S.D.N.Y. Aug. 20, 2002) (citing *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002)).  Nothing of that type is alleged here.

as trustee, Ogden has failed to make any showing that Daly's actions prevented her from fully and fairly presenting her case. *See State St. Bank & Trust Co.*, 374 F.3d at 176 ("To prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case.") (internal quotation marks omitted).  As noted above, Daly's alleged theft of $22,100 worth of Bolin's inventory establishes, at most, Ogden's potential entitlement to a set-off against the judgment.  Because Bolin has yet to register its judgment and initiate collection efforts, Ogden retains the right to assert a set-off claim in a separate proceeding. Ogden's circumstances are not so exceptional to warrant the extraordinary remedy she seeks. Accordingly, Ogden's motion for relief from the judgment under Rule 60(b)(3) must also be denied.

### III.     Conclusion

For the reasons stated above, the defendant's motion for relief (doc. # 70) is DENIED. Ogden may file a separate action seeking a set-off, if any, against the judgment based on newly-discovered evidence of Bolin jewelry in Daly's possession.

It is so ordered.

Dated at Bridgeport, Connecticut, this 24th day of September 2012.

   /s/ Stefan R. Underhill  
Stefan R. Underhill  
United States District Judge